CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 3 0 2019

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| OTIS LEE KNAPP, JR., | ) | CASE NO. 7:19CV00064 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| SCOTT HARPHAM, | ) | By: Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Otis Lee Knapp, Jr., a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was attacked and injured by another inmate. After careful review of Knapp's allegations, the court concludes that the complaint must be summarily dismissed.

Knapp is an inmate at a regional jail in Charlottesville, Virginia. His allegations are brief:

> Officer [Harpham][1] put John Bennett who is a co-defendant in my case, in housing unit FC but Bennett was housed in FD. [Harpham] took Bennett's word instead of checking the housing sheet. When Bennett was put in FC he assaulted [Knapp] while [he] was in the shower. [Bennett] cut [Knapp's] nose and blacked [his] eye.

Compl. 2-3, ECF No. 1. Knapp brings a § 1983 claim against Harpham, seeking monetary damages.

The court is required to dismiss a prisoner's civil action against a governmental officer if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the United States Constitution or laws and that this

---

[1] In the heading of Knapp's complaint, the defendant is identified as Scott Harpham, and accordingly, the court's docket also lists the defendant by that name. In the description of the incident, however, the officer's name is spelled Harpman. For consistency's sake, the court will refer to the defendant by the name on its docket—Harpham.

deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"Because being assaulted in prison is not part of the penalty that criminal offenders pay for their offenses against society, prison officials are responsible for protecting prisoners from violence at the hands of other prisoners." Danser v. Stansberry, 772 F.3d 340, 346 (4th Cir. 2014).[2] On the other hand, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). To state a claim that an official failed to protect him, the inmate must present evidence to "establish a serious deprivation of his rights in the form of a serious or significant physical or emotional injury." Danser, 772 F.3d at 346. Also, he must show "deliberate indifference"—by "introduc[ing] evidence suggesting that the prison official had actual knowledge of an excessive risk to the plaintiff's safety." Id. 346, 347. Negligent failure to protect is not sufficient to establish a constitutional violation. Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999); cf. Kingsley v. Hendrickson, 135 S. Ct. 2466, 2472 (2015) (noting

---

[2] The court has omitted internal quotation marks, alterations, and citations here and throughout this memorandum opinion, unless otherwise noted.

2

in pretrial detainee case that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.").[3]

The court will assume without finding that Knapp's facial injuries were sufficiently serious to satisfy the first element of the constitutional standard. His claim fails, however, under the second element of that standard, because he has not stated facts showing that Harpham acted with deliberate indifference. According to Knapp, Harpham believed Bennett's claim that he was assigned to FC unit and allowed him to enter that housing area without verifying that claim. These allegations do not support a reasonable inference that Harpham knew, at that time, that Bennett and Knapp were co-defendants or that Bennett posed a serious risk of harm to Knapp if they were allowed contact with each other. Rather, Knapp's allegations show nothing more than simple negligence—Knapp should have checked the housing sheet, but he failed to do so. An official's negligent actions cannot support a constitutional claim actionable under § 1983. Id. Accordingly, the court will summarily dismiss Knapp's complaint under § 1915A(b)(1) without prejudice. An appropriate order will issue this day. Dismissal without prejudice leaves Knapp free to refile his claim in a new and separate civil rights action, provided that he can correct the noted deficiency.[4]

---

[3] Knapp's submissions do not indicate whether he was a pretrial detainee or a convicted felon at the time of the defendant's alleged actions. Claims concerning confinement conditions imposed upon pretrial detainees are to be evaluated under the Due Process Clause, rather than under the Eighth Amendment, which applies to convicted persons. Bell v. Wolfish, 441 U.S. 520, 535-538 (1979). Due process proscribes punishment of a detainee before proper adjudication of guilt has been accomplished. Id. "Pretrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment." Young v. City of Mount Ranier, 238 F.3d 567, 575 (4th Cir.2001). Therefore, the standard for determining deliberate indifference under the Fourteenth Amendment or Eighth Amendment is essentially the same. See Barber v. City of Salem, 953 F.2d 232, 235 (6th Cir. 1992) (holding that "the Eighth Amendment rights of prisoners are analogous to pretrial detainees' due process rights" and utilizing the Eighth Amendment "deliberate indifference" standard in evaluating conduct toward pretrial detainee).

[4] The court also notes that Knapp must exhaust administrative remedies at the jail before pursuing his claim. See 42 U.S.C. § 1997e(a). On the face of Knapp's complaint, he indicates that he has not filed any grievances at the jail about this incident.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 29th day of April, 2019.

/s/ Signature

Senior United States District Judge